# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN A. ARMATAS, | ) | CASE NO.: 5:19CV2667 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| SCOTT MICHAEL HAWS, | ) | **MEMORANDUM OF OPINION AND** |
| et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | (Resolves Docs. 17, 20, and 25) |
| | ) | |

This matter comes before the Court on objections filed by Plaintiff Steven Armatas to two Reports and Recommendations ("R&Rs") of the Magistrate Judge.   The Court now resolves the objections, conducting a *de novo* review of those portions of a magistrate judge's R&R to which specific objections were made. 28 U.S.C. § 636(b)(1)(C).

As no one has raised objections to the factual basis set forth in the two R&Rs, the Court only briefly restates that basis.   This case arises from a zoning ordinance that limits the height of hedges to eight feet within Plain Township.   At its core, this case, and five others similar to it[1], revolves around Armatas' contention that the ordinance was first misinterpreted and then amended

---

1 Armatas contends that not all of these other lawsuits are really "lawsuits."   He asserts that he invoked writs of mandamus to attempt to reduce the litigation burden.   Regardless of the terminology chosen, there are at least five other court matters that were filed that in some manner relate to this zoning ordinance.

1

to preclude his success in having evergreen trees on his neighbor's property removed.   More specifically, Armatas contends that he first approached Defendant Thomas Ferrara, the Plain Township Zoning Director.   Ferrara, it appears, did not believe that a row of evergreen trees fell within the hedge ordinance and declined to take any action.   When questioned, Ferrara informed Armatas that there was no appeal available to challenge Ferrara's decision to take no action. Later, Armatas directly contacted Plain Township Board of Trustees member Scott Haws.   Haws reached the same conclusion as Ferrara and provided the same opinion that no avenue to appeal existed.

On October 14, 2016, Armatas sought a writ of mandamus seeking to compel enforcement of the hedge ordinance in the manner in which he had interpreted it.   Ohio Fifth District Court of Appeals dismissed the petition for a writ finding that Armatas had an adequate legal remedy via the administrative appeal process. On June 13, 2017, Armatas filed a claim for fraud against Haws and Ferrara.   Armatas claimed that Haws and Ferrara gave him false information regarding his administrative appellate rights.

> On or about September 19, 2017, the trial court dismissed the action on motion pursuant to Ohio Civ. R. 12(B)(6) and, on or about April 9, 2018, the court of appeals affirmed, stating in part, that "'[e]ven assuming, *arguendo*, that [Plain Township] officials Ferrara and/or Haws, maliciously or in bad faith, misinformed appellant that he had no avenue of appeal through Plain Township, such statements constituted erroneous statements of law, upon which appellant was not entitled to rely[.]'"   Doc. 1, p. 9, ¶ 36 (quoting from court of appeals' decision) (alterations and emphasis added in complaint); Doc. 10-7 (trial court judgment entry granting motion to dismiss).

Doc. 35 at 6.

During the pendency of the above state court case, Haws proposed an amendment to the hedge ordinance.   In effect, the amendment would preclude the interpretation proposed by

Armatas that evergreen trees could qualify as a hedge.  Armatas contends that during a public hearing on the proposed amendment, Ferrara admits that a row of trees could constitute a hedge under the then-existing ordinance.  Armatas also contends that Ferrara can be heard stating the amendment was brought about to stop the existing litigation filed by Armatas.

Based upon the above, Armatas filed the instant complaint alleging six causes of action:

1.      Count I – Fraud: alleges that, on or about September 8, 2016, Zoning Director Ferrara made materially false statements regarding "trees and hedges" and the Hedge Ordinance to Armatas or thereafter learned that the statements were materially false and failed to inform Armatas.  Doc. 1, pp. 14-15, ¶¶ 62-69.

2.      Count II – Violation of Federal Civil Rights: alleges that, in attempting to adopt an Amendment to the Hedge Ordinance in the fall of 2017, the Defendants did not act to advance a legitimate governmental interest but rather attempted to hide their mistakes and harm Armatas.  Doc 1, pp. 15-19, ¶¶ 70-85.

3.      Count III – Civil Conspiracy: alleges that the Board of Trustees' and Ferrara's interests are aligned and they engaged in a conspiracy to hide that: Ferrara never visited Armatas' property to inspect the property line and what was planted there; Ferrara admitted on a videotape that a row of trees could constitute a hedge under the Hedge Ordinance; and that one purpose of the proposed Hedge Ordinance amendment was to "stop the litigation" filed by Plaintiff against Haws and Ferrara. Doc. 1, pp. 19-20, ¶¶ 86-90.

4.      Count IV – Unconstitutional Passage of Bill of Attainder: alleges that Defendants violated the U.S. Constitution (Article I, Sections 9 and 10), which prohibits Bills of Attainder, by passing a zoning ordinance amendment that favors the property rights of one resident over another, continues to allow damage to accrue to Plaintiff's property, and punishes Plaintiff for filing a lawsuit against two of the Defendants,.  Doc. 1, pp. 20-22, ¶¶ 91-101.

5.      Count V – Action for Declaratory Judgment under Ohio's Declaratory Judgment Act: seeks a declaratory judgment  "that the amended version of Section 602.10, which was enacted by Defendants on November 14, 2017, be declared invalidly enacted, and/or struck down and declared null and void on the grounds (a) the amendment failed to advance a legitimate public interest, and instead was passed solely to advance the personal interests of the named Defendants; (b) the amendment constitutes an unconstitutional bill of attainder; and (c) the Defendants failed to follow the appropriate ratification procedure under Ohio law." Doc. 1, pp. 22-25, ¶¶ 102-115.

3

6.      Count VI – Punitive Damages: alleges that "Defendants' actions have no foundation in law and are intended solely to harm Plaintiff and promote their own personal interests, Defendants' activities constitute willful and malicious conduct against Plaintiff and thus entitle Plaintiff to an award of punitive and exemplary damages under Ohio law."   Doc. 1, pp. 25-26, ¶¶ 116-118.

Doc. 35 at 2-3.   Defendants moved for judgment on the pleadings on April 20, 2020.   Armatas opposed the motion on May 20, 2020, and Defendants replied on May 29, 2020.   On July 12, 2020, Armatas sought leave to amend his complaint.   After that motion was fully briefed, on August 14, 2020, Armatas sought leave to supplement his proposed amended complaint.

On October 15, 2020, the Magistrate Judge issued her R&R recommending the denial of both Armatas' motions seeking to amend his complaint.   On January 4, 2021, the Magistrate Judge issued her R&R recommending that the Court grant Defendants' motion for judgment on the pleadings.   Armatas timely objected to both R&Rs.   The Court now resolves those objections.

I.      Armatas' motion and supplemental motion to amend the complaint

In denying Armatas' motions, the R&R first noted:

When a court scheduling order deadline for amending pleadings has passed, a party must first show "good cause" under Rule 16(b) for failing to seek leave to amend earlier, and the court must evaluate prejudice to the nonmoving party before considering whether leave to amend is proper under Rule 15(a). *Bare v. Fed. Express Corp.*, 886 F. Supp.2d 600, 605-606 (N.D.Ohio 2012); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

Doc. 30 at 2-3.   The entirety of Armatas' objections suffer from the same fatal flaw – they ignore the standard set forth above.

Armatas goes on at length to argue that leave should be freely given, but wholly ignores that he agreed to the deadline set by the Magistrate Judge during the parties' CMC.   Moreover, Armatas has offered no reason for the delay in seeking amendment.   He noted in his opposition

to the motion for judgment on the pleadings that he would seek amendment.   However, he then waited nearly 60 days before seeking amendment.   It certainly appears that Armatas awaited the entirety of Defendants' arguments for judgment on the pleadings before proposing amendments seeking to avoid such judgment.   Such gamesmanship does not meet the "good cause" standard required to obtain leave after a case management deadline has occurred.

Moreover, while Armatas provides cases in which deadlines have been extended, he fails to draw any factual analogy to the instant matter.   In short, he has not offered any reasonable rationale for his failure to meet the case management deadline.   Accordingly, the R&R did not err in recommending the denial of his motions for leave to amend the complaint.

II.   Defendants' motion for judgment on the pleadings

Armatas first challenges the R&R's conclusion that his first claim for relief should be dismissed based upon *res judicata*.   In support, Armatas, however does not dispute that the elements of *res judicata* have been met.   Instead, he seeks to argue that the state court decision that precludes his first cause of action was erroneous.   While Armatas may vehemently disagree with the decision of the state court of appeals, this Court does not stand in a position to find error in a state court decision invoking state law.   Accordingly, Armatas' objection to the dismissal of Count I lacks merit.[2]

Armatas next objects to the dismissal of § 1983 claim.   In recommending dismissal of this claim, the R&R noted that Armatas had failed to delineate the right that was violated and the harm that he suffered.   Armatas has argued at length that he properly identified a Fourteenth

---

2 Armatas alleges that *res judicata* cannot apply to those actions taken by Ferrara and Haws *after* the issuance of the decision by the state appellate court.   However, even if the doctrine did not apply, the law established by the Fifth District Court of Appeals would apply.   As the legal analysis by the Fifth District entirely precludes relief under the theory espoused by Armatas, judgment on the pleadings remains appropriate.

Amendment substantive due process violation and harm to his property values.  However, the very basis of Armatas claim is faulty.  Armatas effectively seeks a determination that the Board of Trustees was not permitted to amend the hedge ordinance.  Armatas, however, has not identified any lack of process surrounding the amendment.  A full and fair public hearing was held prior to the adoption of the amendment.  Moreover, to the extent that Armatas argues that there were discussions suggesting that the amendment would alleviate litigation, he advances a self-defeating argument.  Amending the ordinance to clarify its scope to reduce the possibility of litigation is a legitimate governmental interest.   As such, Armatas failed to plead a substantive due process violation.

Armatas has not challenged the dismissal of Count IV, the bill of attainder.  However, he requests that Count III, Count V, and Count VI be dismissed without prejudice as solely state law claims.  However, in his objections, Armatas notes:  "Plaintiff further raises no objections to the federal court dismissal of the Count III-Civil Conspiracy."  Doc. 36 at 18.  As the basis for dismissal of the federal claim, failure to state an actionable claim, applies equally to both a federal and state civil conspiracy claim, the Court finds no basis to allow Armatas yet another opportunity to litigate this issue.   Accordingly, Count III will be dismissed with prejudice.

Finally, Count VI is labeled Punitive Damages.  Punitive damages is not a stand-alone claim, but instead a remedy.   As such, the complaint in Count VI fails to state a claim for relief in any capacity and must be dismissed.

III.    Conclusion

For the reasons stated above, the R&Rs discussed herein are ADOPTED.  Armatas' motions to amend the complaint (Docs. 20 and 25) are DENIED.  Defendants' motion for

judgment on the pleadings (Doc. 17) is GRANTED.   Counts I, II, III, IV, and VI of the complaint

are hereby dismissed with prejudice.   The Court declines to exercise jurisdiction over Count V of

the complaint, so it is hereby dismissed without prejudice.

IT IS SO ORDERED.


Dated: January 27, 2021                                        /s/ John R. Adams
                                                    JUDGE JOHN R. ADAMS
                                                    UNITED STATES DISTRICT JUDGE